UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MATTHEW WAYNE SMITH, | § | |
| TDCJ # 2060858, | § | |
|     Petitioner, | § | |
| | § | |
| | § | EP-17-CV-167-KC |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Matthew Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his petition, Smith challenges Respondent Lorie Davis's custody over him as a result of his conviction by the 210th District Court of El Paso County, Texas, on one count of aggravated robbery. Smith asserts an entitlement to federal habeas relief because, he alleges, the trial court coerced his guilty plea, his trial counsel provided constitutionally ineffective assistance, and the evidence was insufficient to sustain his conviction.[2] In her answer, Davis maintains Smith "is not entitled to federal habeas relief because he fails to overcome [the Antiterrorism and Effective Death Penalty Act's] relitigation bar and his claims lack merit."[3] She also claims "by his voluntarily entered guilty plea, Smith waived all of [his] arguments."[4] After reviewing the record and for the reasons discussed below,

---

[1] Pet'r's Pet., ECF No. 3. "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Pet'r's Pet. at 6–9.

[3] Resp't's Resp. at 1, ECF No. 8.

[4] *Id.* at 5.

the Court finds that Smith is not entitled to federal habeas relief. Accordingly, the Court will deny the petition and, additionally, deny Smith a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

A grand jury indictment returned on July 7, 2015, charged Smith with aggravated robbery and alleged a prior felony conviction for the purpose of enhancing his sentence.[5] Smith pleaded guilty to the charge pursuant to a written plea agreement.[6]

In the plea agreement Smith averred he was "aware of the consequences of entering a plea of guilty to the charges" and represented he was not "forced, coerced, threatened, or promised anything in return for entering a plea of guilty."[7] Smith also waived his right to a trial and the attendant rights "voluntarily and without reservation."[8] Smith further admitted "all of the allegations in the indictment," and confessed he "committed the offense as charged in the indictment . . ."[9] Smith waived "in particular, the right to require sufficient evidence to support the judgment of the Court, in view of [his] judicial confession herein made," and his right to appeal his conviction.[10]

In return for Smith's guilty plea, the State agreed to dismiss the enhancement allegation and recommend that the trial court assess a punishment of ten years' imprisonment.[11]

During his plea hearing, the trial court advised Smith he faced a sentence of 15 to 99 years or life imprisonment if he proceeded to trial.[12] Smith averred that he freely and voluntarily

---

[5] Indictment at 5, ECF No. 9-5.
[6] Plea Agreement at 9–19, ECF No. 9-5.
[7] *Id.* at 12.
[8] *Id.*
[9] *Id.* at 13.
[10] *Id.* at 10, 13.
[11] *Id.* at 15.

2

entered into the plea agreement.[13] He reiterated no one had forced, coerced, or threatened him to enter a guilty plea.[14] He denied "anyone promised anything besides the plea bargain agreement in exchange for [his] plea of guilty."[15] Smith agreed to the State's recitation of the evidence establishing his guilt.[16] He acknowledged he was waiving his right to appeal his conviction and sentence.[17] Smith told the court he was "happy" with his counsel's representation, and he believed counsel had "effectively represented" him.[18]

The trial court sentenced Smith to a term of ten years' imprisonment on February 18, 2016.[19] Smith did not appeal.

Smith sought a state writ of habeas corpus, asserting he was "forced and coerced" into pleading guilty and that the trial court improperly inserted itself into the plea bargaining process.[20] Smith argued his counsel denied him effective assistance during his plea proceedings.[21] Smith further asserted there was insufficient evidence to sustain his conviction.[22]

The prosecuting Assistant District Attorney and Smith's counsel filed affidavits in the state habeas proceedings.[23] The habeas trial court—which was also the trial court—made

---

[12] Tr., Plea of Guilty, R.R. vol. 1 at 46–47, February 18, 2016, ECF No. 9-4.

[13] *Id.* at 47, 51.

[14] *Id.* at 50.

[15] *Id.* at 50–51.

[16] *Id.* at 51–52.

[17] *Id.* at 49.

[18] *Id.* at 50.

[19] J. of Conviction at 6, ECF No. 9-5.

[20] Appl. for a Writ of Habeas Corpus under Code of Criminal Procedure Article 11.07 at 22–54, ECF No. 9-5.

[21] *Id.*

[22] *Id.* at 37.

[23] Aff. of Ken Sutton at 20–21, ECF No. 9-4; Aff. of Jose Montes, Jr., at 22-24, ECF No. 9-4.

3

findings of fact and conclusions of law, and recommended the writ be denied.[24] The Texas Court of Criminal Appeals denied the writ without a written order on the findings of the trial court.[25]

In his federal habeas action Smith asserts his guilty plea was coerced, he was denied his right to the effective assistance of counsel, the trial judge was biased, and the evidence was insufficient to support his conviction.[26]

## APPLICABLE LAW

"[C]ollateral review is different from direct review," and the writ of habeas corpus is "an extraordinary remedy," reserved for those petitioners whom "society has grievously wronged."[27] It "is designed to guard against extreme malfunctions in the state criminal justice system."[28] It provides an important, but limited, examination of an inmate's conviction and sentence.[29] As a result, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[30] They must generally defer to state court decisions on the merits,[31] and on procedural grounds.[32] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[33]

---

[24] Findings of Fact, Conclusions of Law, Recommendation, and Order to the Clerk at 14–19, March 29, 2017, ECF No. 9-4.

[25] Action Taken, April 26, 2017, ECF No. 9-1.

[26] Pet'r's Pet. at 6–9, 13–25, ECF No. 3.

[27] *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993).

[28] *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

[29] *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions.").

[30] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[31] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[32] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[33] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

A federal court can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law,'"[34] or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[35] The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."[36] Moreover, the federal court's focus is on the state court's ultimate legal conclusion, not whether the state court considered and discussed every angle of the evidence.[37] Indeed, state courts are presumed to "know and follow the law."[38] Factual findings, including credibility choices, are entitled to the statutory presumption, so long as they are not unreasonable "in light of the evidence presented in the State court proceeding."[39] Further, factual determinations made by a state court enjoy a presumption of correctness which the petitioner can rebut only by clear and convincing evidence.[40] The presumption of correctness applies not only to express findings of fact, but also to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."[41] In sum, the federal writ serves as a "'guard against extreme malfunctions in the state

---

[34] *Berghuis v. Thompkins*, 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)).

[35] 28 U.S.C. § 2254(d)(2) (2012).

[36] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[37] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("we review only the state court's decision, not its reasoning or written opinion").

[38] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[39] 28 U.S.C. § 2254(d)(2).

[40] *Id.* § 2254(e)(1); *see Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006) (noting that a state court's determination under § 2254(d)(2) is a question of fact).

[41] *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

criminal justice systems,' not a substitute for ordinary error correction through appeal."[42]  "If this standard is difficult to meet, that is because it was meant to be."[43]

## ANALYSIS

### A. Voluntariness of guilty plea

Smith contends his guilty plea was involuntary because the trial court was biased and forced him to plead guilty.[44] Smith alleges the trial judge said he would not get a speedy trial if he insisted on dismissing his court-appointed attorney.[45] Smith further claims the trial judge berated him, called him a career criminal, and threatened him with a sentence of no less than fifteen years and up to life imprisonment, if he persisted in seeking new counsel and a speedy trial.[46]

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"[47]

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'"[48] "The plea must be entered 'voluntarily,' i.e., not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to

---

[42] *Harrington*, 562 U.S. at 102–03 (quoting *Jackson*, 443 U.S. at 332, n.5).

[43] *Id.* at 102.

[44] Pet'r's Pet. at 13–16, ECF No. 3.

[45] *Id.* at 3.

[46] *Id.* at 15.

[47] *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[48] *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).

6

weigh rationally his options with the help of counsel."[49] "When a guilty plea is challenged in a post-conviction proceeding, the voluntariness of the plea must be apparent from the record."[50]

"A plea qualifies as intelligent when the criminal defendant enters it after receiving "'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"[51] "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'"[52] "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt."[53] "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review."[54]

The plea agreement clearly advised Smith of the charges against him and the possible range of punishments.[55] Smith acknowledged in the plea agreement that he had not been forced, coerced, threatened, or promised anything in return for entering a plea of guilty.[56] The plea agreement specified Smith was waiving his right to a jury trial and to the State being compelled

---

[49] *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (quoting *Brady*, 397 U.S. at 750).

[50] *Id.*

[51] *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

[52] *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

[53] *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

[54] *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

[55] Plea Agreement at 10, ECF No. 9-5.

[56] *Id.* at 12.

7

to prove "each and every element of the offense by legal and competent evidence, beyond a reasonable doubt."[57] Further, Smith admitted and judicially confessed to the crimes alleged in the charging instrument.[58] The record also shows that Smith read and signed each page of the agreement, and that he understood its contents.[59]

Before the trial court accepted Smith's pleas, it questioned him under oath and ascertained Smith voluntarily signed the plea agreement.[60] Smith told the court he understood the terms of the plea agreement.[61] The trial court further determined Smith knew the range of punishment he faced as a result of his guilty plea.[62] In response to the question: "Do you feel that [your counsel] has effectively represented you in this matter?" Smith stated: "Yes, sir."[63] In response to the court's question: "[I]s anyone forcing you, coercing you or threatening you to enter your plea of guilty here today?" Smith stated: "No sir."[64] The court asked Smith: "Is your plea of guilty being entered freely and voluntarily?" and he responded: "Yes, sir."[65] When asked if he had anything to say prior to sentencing, Smith responded: "No, sir."[66]

Smith's signed plea agreement and his statements in open court indicate he understood the charges against him and the consequences of his guilty plea, and that he voluntarily chose to

---

[57] *Id.* at 9.

[58] *Id.* at 13.

[59] *Id.* at 9–14.

[60] Tr., Plea of Guilty, R.R. vol. 1 at 47, February 18, 2016, ECF No. 9-4.

[61] *Id.*

[62] *Id.* at 48.

[63] *Id.* at 50.

[64] *Id.*

[65] *Id.* at 51.

[66] *Id.* at 53.

enter his plea. Smith has not overcome the presumption of verity accorded solemn declarations made in official court documents[67] or in open court.[68]

As additional evidence regarding the nature of Smith's plea, his counsel filed an affidavit in the state habeas action, stating Smith was never forced or coerced by anyone:

> Judge Garcia advised Mr. Smith of the enhancement sentencing range and the risks Mr. Smith was taking if he went to trial. He never threatened Mr. Smith with a life sentence or accused him of being a career criminal or that he should not return to society.
> He advised Mr. Smith of the consequences of punishment if he was found guilty at trial.
> Judge Garcia never offered any sentence. The District Attorney did. Judge Garcia was only reviewing with Mr. Smith what was being offered and the consequences under the law if Mr. Smith refused and went to trial and was found guilty.
> Mr. Smith was never forced or coerced by anyone.
> ***
> I never told Mr. Smith that the Judge would give him a life sentence because we were going to the Jury for punishment.[69]

Additionally, the prosecutor filed an affidavit in the state habeas action, stating: "Contrary to applicant's writ allegations, the trial-court judge did not intervene in the plea-bargaining process, the trial-court judge did not make any plea offers, and the trial-court judge did not threaten applicant in any way."[70]

The state habeas court found the affidavits of Smith's counsel and the Assistant District Attorney credible.[71] The state habeas court—which also served as the trial court—further found

---

[67] *See Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985) (explaining official documents, including signed plea agreements, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

[68] *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (holding "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

[69] Aff. of Jose Montes, Jr., at 22–24, ECF No. 9-4.

[70] Aff. of Ken Sutton at 20, ECF No. 9-4.

[71] Findings of Fact, Conclusions of Law, Recommendation, and Order to the Clerk at 15, March 29, 2017,

it "never inserted itself into the plea-bargaining process."[72] The state habeas court stated it "never made any plea-bargain offer to Smith, never threatened him in any way, much less with a life sentence, and Smith finally accepted the ten-year offer made by [the] prosecutor."[73] The state habeas court also found "Smith was not forced or coerced into pleading guilty but did so voluntarily after being duly admonished of the consequences of his guilty plea."[74]

Although court records alone may be insufficient to establish a waiver of fundamental constitutional rights if they are ambiguous,[75] the record in this case clearly does not suffer from ambiguity. Smith's statements at the time of his guilty plea are substantial and unambiguous evidence of the voluntary nature of his plea.[76] Smith's avowal that he understood the nature of the charges against him and the nature of the constitutional rights he waived—and his assertion that his plea was freely and voluntarily made—create a presumption that his plea is valid.[77] And the written guilty plea forms signed by Smith are prima facie proof of the knowing and intelligent nature of his guilty pleas.[78]

The record in the instant case clearly supports the state trial court's factual findings underlying the legal conclusion that Smith intelligently and voluntarily entered his pleas.[79]

---

ECF No. 9-4.

[72] *Id.*

[73] *Id.* at 16.

[74] *Id.*

[75] *Williford v. Estelle*, 672 F.2d 552, 554 (5th Cir. 1982).

[76] *Blackledge*, 431 U.S. at 74.

[77] *Matthew*, 201 F.3d at 366; *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

[78] *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994) (citing *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986)).

[79] Findings of Fact, Conclusions of Law, Recommendation, and Order to the Clerk at 15, March 29, 2017, ECF No. 9-4 ("The Court finds that from the Court's own personal recollection, the affidavit of Jose Montes, Jr., who the Court finds credible, the affidavit of Kent Sutton, who the Court finds credible, the plea papers, and the transcription of Smith's guilty plea, that Smith was not forced or coerced into pleading guilty but did no voluntarily

Smith presents no clear and convincing evidence to rebut the state court's factual findings underlying the conclusion his guilty plea was "'voluntary' and 'intelligent.'"[80]

Accordingly, considering all the relevant circumstances, unless Smith's specific ineffective assistance of counsel claims controlled his decision to plead guilty, the Court must conclude that Smith intelligently and voluntarily pleaded guilty to charges against him.

### B.  Ineffective assistance of trial counsel

Smith claims his trial counsel was ineffective for presenting him with a five-year plea bargain that was not intended for him.[81] When Smith attempted to accept the offer, it was discovered that a miscommunication led Smith's attorney to believe the offer was extended to Smith rather than the intended defendant.[82] Smith further contends his counsel advised him to reject a plea offer of eight years' imprisonment, because he would be found not guilty at trial, but then told him to take the State's offer of ten years' imprisonment.[83]

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim, a petitioner must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense.[84] Unless the petitioner establishes both—deficient performance and prejudice—his ineffective assistance of counsel claim fails.[85]

---

after being duly admonished of the consequences of his guilty plea.").

[80] *Bousley*, 523 U.S. at 618; 28 U.S.C. § 2254(e)(1).

[81] Pet'r's Pet. at 7, 17–18., ECF No. 3.

[82] *Id.*

[83] *Id.* at 8.

[84] *Strickland*, 466 U.S. at 687; *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008).

[85] *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).

When deciding whether counsel's performance was deficient, a federal habeas court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[86] A federal habeas court presumes that counsel's choice of trial strategy is objectively reasonable unless clearly proven otherwise.[87] Counsel's strategic choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable.[88] Counsel's performance cannot be considered deficient or prejudicial if counsel fails to raise a non-meritorious argument.[89]

Moreover, federal habeas courts must review a state petitioner's ineffective assistance of counsel claim "through the deferential lens of [28 U.S.C.] § 2254(d),"[90] and consider not only whether the state court's determination was incorrect, but also "whether that determination was unreasonable—a substantially higher threshold."[91] Thus, in light of the deference accorded by § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."[92]

By voluntarily pleading guilty, a criminal defendant foregoes all precedent claims for relief—including claims for ineffective assistance of counsel—except those alleging that the

---

[86] *Strickland*, 466 at 688–89.

[87] *Id.* at 689.

[88] *Id.* at 673; *Pape v. Thaler*, 645 F.3d 281, 289–90 (5th Cir. 2011).

[89] *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006).

[90] *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

[91] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

[92] *Harrington*, 562 U.S. at 101.

ineffectiveness rendered the guilty plea involuntary.[93] Ineffective assistance of counsel claims in the context of a guilty plea are governed by the Supreme Court's opinion in *Hill v. Lockhart*, 474 U.S. 52 (1985), which adopted the two-part *Strickland* test.[94] A habeas petitioner challenging his guilty plea must show that the advice he received from his counsel with regard to his guilty plea was not "within the range of competence demanded of attorneys in criminal cases.'"[95] The petitioner must also establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[96] A state habeas petitioner seeking federal relief bears the additional burden of establishing that the state court's denial of his ineffective assistance of counsel claim was an unreasonable application of federal law or that the decision was based on an unreasonable determination of the facts in light of the evidence presented at his state habeas action.[97]

In the context of a guilty plea, an attorney's advice "need not be perfect, but it must be reasonably competent."[98] To obtain habeas relief, a petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'"[99]

Smith's trial counsel filed an affidavit in his state habeas action, claiming Smith made the decision to accept or reject offers from the prosecutor:

---

[93] *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

[94] *Hill,* 474 U.S. at 58 (citing *Strickland*, 466 U.S. 668).

[95] *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

[96] *Id.* at 59.

[97] *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012).

[98] *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974) (citation omitted).

[99] *Smith*, 711 F.2d at 682 (quoting *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

13

I never advised Mr. Smith to reject or accept any plea offer as that was always his decision.

I have never in thirty eight years of practicing law ever advised a client, including Mr. Smith, that he was certain to win at trial.

***

. . . I repeatedly requested for the Assistant District Attorney to reduce the offense to Robbery. He repeatedly refused.

Mr. Smith never wanted to accept the eight year sentence offer and the dropping of the enhancement allegation. Not because I told him not to but because he never wanted to until the Assistant District Attorney had taken it off the table.

***

. . . [O]n February 9, 2016, at the final plea deadline when Mr. Smith was offered a plea agreement of an 8 year sentence and the dropping of the enhancement allegation, Mr. Smith alone turned it down because he wanted to go to trial or he wanted a reduced sentence to robbery and less than an eight year sentence.

Later in the case . . . the Assistant District Attorney inadvertently mixed up two files and offered me and Mr. Smith a five year sentence and a reduced charge of robbery.

Once we were in the Court room, [the ADA] realized his mistake and advised that he had confused two of the files and that the five year sentence and the reduced charge of robbery was not being offered to Mr. Smith.

[The ADA] then repeated his offer of an eight year sentence and the dropping of the enhancement allegation in exchange for a plea of guilty to aggravated robbery.

Mr. Smith turned down the offer.

***

Also, I never advised Mr. Smith to turn down any sentence offer or that he should turn down any offer because I would win at trial.

. . . Mr. Smith repeatedly asked me to ask the Assistant District Attorney to reduce the charge to a misdemeanor theft or robbery in exchange for a plea and a two year sentence. . . . [T]he Assistant District Attorney never agreed to Mr. Smith's offer.

I never advised Mr. Smith to take or not to take the eight year sentence and the dropping of the enhancement allegation and I never advised him that I would win the case at trial.

I advised Mr. Smith that there were many factual issues that would have to be resolved in his favor for the Jury to consider a verdict of not guilty.

Judge Garcia never denied any plea agreement but merely pointed out that the plea deadline had passed and Mr. Sutton was no longer offering an eight year sentence and the dropping of the enhancement allegation.

I spoke to [the ADA] and he offered Mr. Smith a ten year sentence and the dropping of the enhancement allegation which Mr. Smith alone accepted as his decision.

14

> I never told Mr. Smith that the Judge would give him a life sentence because we were going to the Jury for punishment.[100]

Smith offers only his unsupported allegations to contradict the statements of his counsel. Smith stated at the time he entered his pleas that he was "happy" with his counsel's representation and that he "freely and voluntarily" entered his plea.[101] Smith fails to establish a reasonable probability that—but for his counsel's alleged errors—he would not have pleaded guilty and would have insisted on going to trial. Indeed, in his federal habeas pleadings Smith claims he does not seek a trial; he expresses a willingness to accept a plea agreement which provides for a term of five or eight years' imprisonment.[102]

Because Smith has not demonstrated that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency—and because he has not shown that the state court's application of the *Strickland* standard was unreasonable—he is not entitled to federal habeas relief on his allegation that he was denied the effective assistance of counsel.

### C. Sufficiency of the evidence

Smith contends the evidence presented by the state at the time he entered his guilty plea was insufficient to support his conviction.[103]

Smith waived this claim by voluntary pleading guilty.[104] Furthermore, "[n]o federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt

---

[100] Aff. of Jose Montes, Jr., at 22–24, ECF No. 9-4.

[101] Tr., Plea of Guilty, R.R. vol. 1 at 50, 51, February 18, 2016, ECF No. 9-4.

[102] Pet'r's Pet. at 7, ECF No. 3.

[103] *Id.* at 9, 23-25.

[104] *See Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (holding a petitioner who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner).

corroborating a voluntary plea."[105] "State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed."[106] Additionally, under Texas state law, a judicial confession is sufficient evidence of guilt in a case in which a defendant enters a guilty plea.[107] Smith signed a judicial confession in which he admitted that he committed the offense.[108] The evidence was, therefore, sufficient to support the conviction.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[109] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[110] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[111]

---

[105] *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986).

[106] *Id.* at 702-03 ("The *Jackson v. Virginia*, 443 U.S. 307[] (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea . . ."). *See also Smith v. Estelle*, 786 F.2d 697, 702-03 (5th Cir. 1986) (rejecting a contention that the petitioner's conviction was invalid because the prosecution did not present sufficient evidence corroborating his guilt during the guilty plea proceedings).

[107] *Menefee v. State*, 287 S.W. 3d 9, 13 (Tex. Crim. App. 2009).

[108] Plea Agreement at 13 ("JUDICIAL CONFESSION"), ECF No. 9-5.

[109] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[110] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[111] *Id.*

In this case, reasonable jurists could not debate the denial of Smith's § 2254 petition, or find that the issues presented are adequate to deserve encouragement to proceed.[112] Furthermore, Smith has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court shall not issue a certificate of appealability.

## CONCLUSION AND ORDERS

Smith's guilty plea was knowing and voluntary. Smith was not denied the effective assistance of counsel, and he waived his insufficiency of the evidence claim by pleading guilty. Furthermore, Smith's claim that insufficient evidence of his guilt was presented at his plea hearing does not state a claim for violation of a federal constitutional right. The Court accordingly concludes that Smith is not entitled to § 2254 relief. The Court further concludes that Smith is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that the Smith's petition for a writ of habeas corpus (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS ALSO ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 28th day of March, 2018.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[112] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).